IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Willie L. Samuels, | Case No. 3:07 CV 2201 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Office of the President of the United States of America, et al., | |
| Defendants. | |

*Pro se* Plaintiff Willie L. Samuels brings this *in forma pauperis* action against the Office of the President of the United States of America, the Office of the Governor of the State of Ohio, and the Office of the Mayor of the City of Toledo, Ohio.

## BACKGROUND

The Complaint (Doc. No. 1) is primarily a recitation of Plaintiff's subjective perceptions of what constitutes "good and evil." The only factual allegation set forth in the Complaint is stated as follows: "In the City of Toledo, Ohio one day plaintiff was walking down the street (Delaware St.) and I suddenly observed a big painted sign that was posted hanging on a house that read 'There [sic] nothing but white folks' niggers, here in Toledo." (Compl. at 2). Plaintiff asks that the Department of Justice and the Federal Bureau of Investigation conduct a full investigation of this "issue."

## STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the District Court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id.* at 1278. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, legal conclusions alone are not sufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In this case, even with a liberal construction, the Complaint here does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim.

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking Section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

   s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 12, 2007

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.